
# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**JAMES NICHOLS**                                                                                       PLAINTIFF

v.                              **CASE NO. 4:19-CV-00685 BSM**

**SCHNEIDER NATIONAL
CARRIERS, INC.,** *et al.*                                                                       DEFENDANTS

## ORDER

Schneider's motion to dismiss James Nichols's allegations of direct negligence [Doc. No. 26] is denied because Nichols has pleaded "sufficient factual matter" to give fair notice to Schneider of the basis for his claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009).

Nichols was working as a supervisor at a loading dock for L'Oreal Products, Inc. in North Little Rock. Am. Compl. ¶ 10, Doc. No. 17. James Cooke, Schneider's agent, drove Schneider's tractor-trailer into a loading bay at Nichols's instruction. *Id*. ¶¶ 9, 11; Answer ¶ 5, Doc. No. 18. Cook pulled the tractor-trailer forward, so that Nichols could secure the trailer with a jack stand. Compl. ¶ 12. As Nichols began cranking the jack stand into position, Schneider's tractor-trailer reversed, pinning Nichols between the truck and trailer. *Id*. ¶ 14. Nichols suffered serious injuries to his chest, abdomen, pelvis, and arm, and he required emergency surgery. *Id*. ¶¶ 16, 24. Cooke repeatedly said that the brakes on the truck failed. *Id*. ¶ 18.

Rule 12(b)(6) permits dismissal when a plaintiff fails to state a claim upon which relief may be granted. To meet the 12(b)(6) standard, a complaint must allege sufficient facts to entitle the plaintiff to the relief sought. *Iqbal,* 556 U.S. at 679. Although detailed factual

allegations are not required, threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, are insufficient. *Id.* All well-pleaded allegations must be accepted as true and construed in the light most favorable to the plaintiff. *Id.*

Schneider admits that Cooke was acting as its agent at the time of the accident and argues that Nichols cannot also pursue claims of direct negligence. Br. Mot. Dismiss at 1–2, Doc. No. 27. Schneider does not, however, "admi[t] imputed liability under *respondeat superior*." *Kyles v. Celadon Trucking Servs., Inc.*, 2015 WL 614 3953, at *1 (W.D. Mo. Oct. 19, 2015); *see also Regions Bank v. White*, 2009 WL 3148732, at *5 (E.D. Ark. Sep. 24, 2009). Nichols may proceed with his direct negligence claims. *See* Fed. R. Civ. P. 8(a)(3), (d)(2).

Nichols has alleged that Schneider failed to test Cooke to ensure he was competent to safely operate the tractor-trailer. Am. Compl. ¶ 35. Nichols has alleged that Schneider failed to adequately train Cooke in safely reversing and unloading the tractor-trailer. *Id*. Nichols also alleges that Schneider failed to adequately inquire into Cooke's driving record. *Id*. This is enough "factual matter" for Nichols to survive dismissal of his direct negligence claims. *Ashcroft*, 556 U.S. at 663.

IT IS SO ORDERED this 22nd day of March, 2021.

UNITED STATES DISTRICT JUDGE